UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JHON JAMES RAMIREZ QUINTERO (A-Number: 205-095-397),

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION FACILITY,

Respondent.

Case No. 1:26-cv-4251-DAD-JDP

FINDINGS AND RECOMMENDATIONS

Petitioner Jhon James Ramirez Quintero, a citizen of Columbia, was admitted to the United States in 2011 on a visitor visa. He was detained by ICE in April 2026 after a petty theft arrest. Petitioner, proceeding with counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2241. Respondent counters that petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c). For the following reasons, I recommend that the petition be granted and that petitioner be immediately released.

**Background**

In June 2011, immigration authorities admitted petitioner to the United States at the Miami airport on a visitor visa. ECF No. 5-1 at 2. On April 21, 2026, he was arrested for "larceny – petit theft." *Id.* at 3. ICE officers detained him the next day, upon his release from local custody. *Id.* He has not received a bond hearing. ECF No. 1.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Respondent argues that petitioner's detention is mandatory under 8 U.S.C. § 1226(c), the Laken Riley Act. ECF No. 5 at 2. Under section 1226(c), the attorney general "shall take into custody" any noncitizen who "is arrested for . . . theft, larceny, [or] shoplifting. . . ." 8 U.S.C. § 1226(c)(1)(E)(ii). Petitioner was arrested for theft on April 20, 2026. ECF No. 5-1 at 7. Respondent argues that section 1226(c) mandates the detention of "anyone" who is arrested for theft. ECF No. 5 at 1.

Respondent's argument ignores the first part of the Laken Riley Act, which requires that the noncitizen also be "inadmissible" under specific provisions of law: 8 U.S.C. §§ 1182(a)(6)(A), (6)(C), or (7). *See* 8 U.S.C. § 1226(c)(1)(E)(i). Respondent does not explain in what way petitioner is inadmissible for the purposes of the Laken Riley Act. *See* ECF No. 5 at 1-2. As an initial matter, section 1182(a) specifies that noncitizens who are inadmissible under this section are "ineligible to receive visas and ineligible to be admitted to the United States." 8 U.S.C. § 1182(a). However, as noted, petitioner was lawfully admitted to the United States on a B2 visa. *See* ECF No. 5-1 at 2-3. This fact alone suggests that petitioner is not inadmissible for purposes of the Laken Riley Act.

Moreover, the particular subsections invoked by the Laken Riley Act are inapplicable to

petitioner. First, section 1182(a)(6)(A) deems inadmissible "[a]n alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General." 8 U.S.C. § 1182(a)(6)(A). Petitioner arrived at a port of entry and was admitted to the United States on a B2 visitor visa; thus, this subsection does not apply to him. *See* ECF No. 5-1 at 2. Second, section 1182(a)(6)(C) deems inadmissible those who "by fraud or willfully misrepresenting a material fact" procure a visa or admission into the United States, or those who falsely represent themselves to be a United States citizen. 8 U.S.C. § 1182(a)(6)(C). There is no indication that this subsection applies to petitioner. Finally, section 1182(a)(7) applies to those who "at the time of application for admission" are not in possession of valid visas or other valid entry documents. 8 U.S.C. § 1182(a)(7). The Court of Appeals has held that the phrase "at the time of application for admission" refers to "the particular point in time when a noncitizen submits an application to physically enter into the United States." *Torres v. Barr*, 976 F.3d 918, 924 (9th Cir. 2020). At the point in time that petitioner entered the United States, he had a valid B-2 visa. As such, this subsection does not apply to him.

As petitioner is not within the three types of "inadmissible" noncitizens who may be mandatorily detained under the Laken Riley Act, his detention is discretionary under section 1226(a). *See Escobar Salgado v. Mattos*, 809 F. Supp. 3d 1123, 1136 (D. Nev. 2025) (noting that section 1226 continues to "authorize discretionary detention of noncitizens charged with being inadmissible who do not fall into those enumerated exceptions").

I therefore find that petitioner's detention is governed by section 1226(a) and not, as respondent argues, by section 1226(c). Despite petitioner's right to a bond hearing under section 1226(a), he has not been provided one. ECF No. 1. Petitioner requests release or, alternatively, a bond hearing. *Id.* at 2. Respondent does not address this issue. *See* ECF No. 5.

The Supreme Court has recognized that "[h]abeas is at its core a remedy for unlawful executive detention," and the "typical remedy for such detention is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008); *see also Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure *release* from unlawful

detention.”). In a similar situation, where the government has erroneously determined that a petitioner is subject to mandatory detention under section 1225(b), courts have ordered immediate release. *See, e.g.*, *Morillo v. Albarran*, No. 1:25-cv-1533-DJC-AC, 2025 WL 3190899, at *5 (E.D. Cal. Nov. 15, 2025). In *Feng v. Lyons*, the court held that a delay “in providing the statutorily mandated bond hearing violates [a petitioner’s] due process rights” and found that the “[p]rovision of a bond hearing after months of detention without the opportunity to seek release on bond cannot be said to satisfy due process where that bond hearing is a matter of statutory right.” No. 1:26-cv-0235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (citations omitted).

Here, I find that the “typical remedy” of release is appropriate because the government has not provided a lawful justification for petitioner’s mandatory detention. *See Munaf*, 553 U.S. at 693. Petitioner’s due process rights have been violated such that the provision of a bond hearing after months in custody is constitutionally insufficient. *See Feng*, 2026 WL 472635, at *1. Respondent has not provided any evidence or argument suggesting that petitioner is a danger to the community or a flight risk. *See* ECF No. 5. Petitioner’s rap sheet makes it clear that, but for the petty theft arrest in April, he has been in this country for fifteen years without any contact with the criminal justice system. ECF No. 5-1 at 6-7. Respondent has not provided any details underlying petitioner’s arrest. Indeed, respondent does not presently argue that petitioner is a danger or flight risk. *See* ECF No. 5. Moreover, respondent “cannot reasonably assert that the public and government will be harmed in any legally cognizable sense by being enjoined from violating [p]etitioner’s due process rights.” *See Pineda v. Chestnut*, No. 1:25-cv-1970-DC-JDP, 2026 WL 25510, at *6 (E.D. Cal. Jan. 5, 2026) (citing *Zepeda v. U.S. Immigr. & Nat. Serv.*, 753 F.2d 719, 727 (9th Cir. 1983)).

Under these circumstances, I find that the “typical remedy” of release is appropriate. *See Munaf*, 553 U.S. at 693.

**Conclusion**

Accordingly, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be GRANTED.

2. Respondent be ordered to immediately release petitioner (A-Number: 205-095-397) from its custody. If the government seeks to re-detain petitioner, it must provide no less than seven days' notice to petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter in accordance with 8 U.S.C. § 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered. This order does not address the circumstances in which respondent may detain petitioner in the event petitioner becomes subject to an executable final order of removal.

3. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within seven days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: July 13, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE