UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JHON JAMES RAMIREZ QUINTERO,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER,<br>Respondent. | No. 1:26-cv-04251-DAD-JDP<br><br><u>ORDER GRANTING RESPONDENT'S MOTION TO RECONSIDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60</u><br><br>(Doc. No. 11) |

On July 22, 2026, respondent filed a motion for reconsideration of this court's July 21, 2026 order that respondent immediately release petitioner. (Doc. No. 11.) Respondent represents that petitioner was ordered removed on June 26, 2026 and was removed from the United States on July 10, 2026.[1] (*Id.* at 1.) Federal Rule of Civil Procedure 60(b)(1) provides that a party may move for relief from "a final judgment, order, or proceeding" due to "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60. Petitioner's removal renders his habeas petition moot. *See Bashir v. Warden of the Golden State Annex Det. Facility*, No. 1:26-cv-00578-

[1] Based on respondent's representations, petitioner was removed prior to the issuance of the magistrate judge's findings and recommendations on July 13, 2026. (Doc. No. 7.) Respondent did not however raise petitioner's removal in its objections to the pending findings and recommendations on July 20, 2026. (Doc. No. 8.) It is unclear to the court why respondent waited the full duration of the objection period to file conclusory objections and did not include this obviously highly relevant information in those objections.

JLT-SAB (HC), 2026 WL 776269, at *1 (E.D. Cal. Mar. 19, 2026) (dismissing request for immediate release as moot based on petitioner's removal). Accordingly, in light of this new information, the court GRANTS respondent's motion to reconsider brought pursuant to Federal Rule of Civil Procedure 60. The court hereby VACATES its July 21, 2026 order and the judgment entered on July 21, 2026 (Doc. Nos. 9, 10). The court DISMISSES petitioner's petition for writ of habeas corpus without prejudice as having been rendered moot by petitioner's removal. The court directs the Clerk of the Court to again close this case.

IT IS SO ORDERED.

Dated: **July 23, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE